EL PUEBLO DE PUERTO RIÇO, demandante y apelado, *v.* ANDRÉS DE LEÓN, acusado y apelante.

Núm. 7174.—*Sometido:* Enero 9, 1939. *Resuelto:* Febrero 23, 1939.

*Reyes Delgado & Mercado* y *Pedro Santos Borges,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Andrés de León fué convicto de infracción a la sección 2 de la Ley número 63, de 28 de abril de 1931 (Leyes de ese año, pág. 415), consistente en almacenar y tener para la venta ungüento mercurial adulterado. La Corte de Distrito de Arecibo lo condenó a pagar $25 de multa y las costas. En el recurso que contra dicha sentencia interpuso el acusado se imputa a la corte sentenciadora la comisión de un solo error, à saber:

"La sentencia declarando al acusado culpable del delito de infracción a la sección 2 de la Ley número 63 de abril 28 de 1931 es contraria a derecho y a la prueba."

De la evidencia resulta que el día 14 de diciembre de 1936 los inspectores de alimentos y drogas José Rivera Mundo, Víctor Manuel Morales y Roberto Navarro Medina visitaron la farmacia del acusado en Arecibo y encontraron en una gaveta rotulada "Ungüento Mercurial", una cajita pequeña rotulada "Mercurial", que contenía un ungüento o pomada que al ser analizado en el laboratorio del Departamento de Sanidad Insular se comprobó que sólo contenía 12.37 por ciento de mercurio metálico, a pesar de disponer la farmacopea de los Estados Unidos que el "ungüento mercurial diluído" (ungüento *Hidrargyri Mite*) debe contener no menos de 29 por ciento ni más de 31 por ciento de mercurio metálico.

Declaró el acusado que el ungüento que ocuparon en su farmacia los inspectores de alimentos y drogas no es ninguno de los ungüentos mercuriales que describe la Farmacopea de los Estados Unidos, sino un "mercurial" que él vendía para insecticida, para matar piojos y otros parásitos.

Que además de ese "mercurial" tenía "ungüento mercurial doble". Que rotuló el ungüento en cuestión "mercurial" porque contiene mercurio, y los mercuriales contienen mercurio, se usan para matar parásitos, y es un nombre ya establecido por el uso.

La sección 2 que se alega infringida prescribe:

"Sección 2.—Para los fines de esta Ley, todo artículo se considerará adulterado:

"(a) En las drogas:

"(1) Si se vende bajo un nombre reconocido por la Farmacopea de los Estados Unidos o el Formulario Nacional y difiere de la norma de fuerza, calidad o pureza expresada en los ensayos que constan en esos dos formularios oficiales, en la época de la investigación; *Disponiéndose,* que ninguna droga descrita en ambos formularios se considerará adulterada si se expresa claramente otra norma en el rótulo, aunque ésta difiera de la oficial de aquellos dos formularios.

"(2) Si la fuerza o pureza es inferior o cae por debajo del *standard* o calidad provista para el artículo que se vende.

"    .   .   .   .   .   .   .   .   .   .   .   .   .   "

Afirma el acusado que la pomada en cuestión no estaba rotulada "ungüento mercurial", sino "mercurial" solamente, y que por consiguiente no puede considerarse adulterada.

Lo único que omite dicho rótulo es la palabra "ungüento", pero como declaró el perito químico, aunque en la caja no se diga que su contenido es ungüento mercurial, el hecho cierto es que se trata de una pomada, y siendo así no puede ser otra cosa que ungüento mercurial, y no expresándose tampoco en el rótulo la cantidad de mercurio que contiene dicha pomada, no hay base para afirmar que el caso se halla comprendido entre aquella parte de la sección 2 que dice así:

"... ninguna droga descrita en ambos formularios se considerará adulterada si se expresa *claramente* otra norma en el rótulo, aunque ésta difiera de la oficial de aquellos dos formularios."

No expresando *claramente* el rótulo de la droga ocupada una norma distinta de la expresada por la Farmacopea de

los Estados Unidos para la droga que en dicha obra se conoce con el nombre de "ungüento mercurial" y no conteniendo la droga ocupada la cantidad de mercurio metálico prescrita para el ungüento mercurial, ni expresándose la cantidad de mercurio que contiene, no cabe sostener que la corte inferior cometiera el error que se le imputa.

*Procede desestimar el recurso y confirmar la sentencia apelada.*